1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| RAYMOND MALGRA,<br><br>              Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. ED CV 11-0724-SP


**MEMORANDUM OPINION AND ORDER**

19

## I.

## INTRODUCTION

20
21        On May 16, 2011, plaintiff Raymond Malgra filed a complaint against

22 defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance

23 Benefits ("DIB") and Supplemental Security Income ("SSI").  Both plaintiff and

24 defendant have consented to proceed for all purposes before the assigned Magistrate

25 Judge pursuant to 28 U.S.C. § 636(c).  The parties' briefing is now complete, and

26 the court deems the matter suitable for adjudication without oral argument.

27        Two issues are presented for decision here: (1) whether the Administrative

28 Law Judge ("ALJ") properly determined at step four that plaintiff is capable of

1  performing his past relevant work; and (2) whether the ALJ properly determined at

2  step five that plaintiff is capable of performing other work in the national economy.

3  Pl.'s Mem. at 3-4, 4-5; Def.'s Mem. at 2-5, 5-7.

4      Having carefully studied, inter alia, the parties' written submissions and the

5  Administrative Record ("AR"), the court concludes that, as detailed herein, there is

6  substantial evidence in the record, taken as whole, to support the ALJ's decision.

7  First, the ALJ properly determined at step four that plaintiff is capable of

8  performing his past relevant work.  And second, although the ALJ erred at step five

9  in his alternative finding that plaintiff is capable of performing other work that

10  exists in the national economy, such error was harmless in light of the ALJ's proper

11  step four determination.  The court therefore affirms the Commissioner's decision

12  denying benefits.

**II.**

**FACTUAL AND PROCEDURAL BACKGROUND**

15      Plaintiff, who was twenty-one years old on the date of his July 14, 2009

16  administrative hearing, has an eleventh-grade education.  *See* AR at 18, 26, 108,

17  111.  His only past relevant work is as a fast-foods worker.  *Id.* at 46, 121-22.

18      On November 16, 2007, plaintiff applied for DIB and SSI, alleging that he

19  has been disabled since April 15, 2007 due to neurofibromatosis, long QT

20  syndrome, and seizures.  *See* AR at 108-10, 111-14, 120.  Plaintiff's applications

21  were denied initially and upon reconsideration, after which he filed a request for a

22  hearing.  *Id.* at 50, 51, 52, 53, 54-58, 59, 60-65, 66.

23      On July 14, 2009, plaintiff, represented by counsel, appeared and testified at a

24  hearing before the ALJ.  AR at 20-35, 38, 46.  The ALJ also heard testimony from

25  David Rinehart, a vocational expert ("VE").  *Id.* at 45-48.  On November 24, 2009,

26  the ALJ denied plaintiff's request for benefits.  *Id.* at 9-17.

27      Applying the well-known five-step sequential evaluation process, the ALJ

28  found, at step one, that plaintiff has not engaged in substantial gainful activity since

1    his alleged disability onset date.  AR at 11.

2         At step two, the ALJ found that plaintiff suffers from severe impairments

3    consisting of a seizure disorder and a long QT interval.[1]  AR at 11.

4         At step three, the ALJ determined the evidence does not demonstrate that

5    plaintiff's impairments, either individually or in combination, meet or medically

6    equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix

7    1.  AR at 13.

8         The ALJ then assessed plaintiff's residual functional capacity ("RFC")[2] and

9    determined that he can perform "simple repetitive tasks but would lose focus for a

10   few minutes at a time at a frequency of once or twice a week."  AR at 13 (emphasis

11   omitted).  The ALJ further found the following limitations: plaintiff cannot drive,

12   climb, or balance; plaintiff cannot work at unprotected heights, around hazardous

13   machinery, or with power tools; and that it is anticipated plaintiff would miss work

14   one to two days per month.  *Id.*

15        The ALJ found, at step four, that plaintiff is capable of performing past

16

17   _____

18       [1]  Long QT syndrome is the:
         prolongation of the Q-T interval combined with torsades de pointes,
19       one of the most common types of ion channelopathy.  Acquired forms
         are usually due to a metabolic or cardiac abnormality or to drug
20       administration.  Congenital forms result from a variety of mutations in
         genes coding for channel subunits and are usually noted early in life.
21       The condition may lead to serious arrhythmia and sudden cardiac death
         (sudden arrhythmia death syndrome).
22
23   *Dorland's Illustrated Medical Dictionary* 1837 (32nd ed. 2012).

24
25       [2]  Residual functional capacity is what a claimant can still do despite existing
     exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155
26   n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
     ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's
27   residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir.
28   2007).

1   relevant work as a fast-foods worker (Dictionary of Occupational Titles ("DOT")

2   No. 311.472-010).  AR at 15.

3       In the alternative, based upon plaintiff's vocational factors and RFC, the ALJ

4   found that "there are other jobs existing in the national economy that [plaintiff] is

5   also able to perform."  AR at 16.  The ALJ therefore concluded that plaintiff was

6   not suffering from a disability as defined by the Social Security Act.  *Id.* at 9, 17.

7       Plaintiff filed a timely request for review of the ALJ's decision, which was

8   denied by the Appeals Council.  AR at 1-3, 5.  The ALJ's decision stands as the

9   final decision of the Commissioner.

10                              **III.**

11                   **STANDARD OF REVIEW**

12      This court is empowered to review decisions by the Commissioner to deny

13  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

14  Administration must be upheld if they are free of legal error and supported by

15  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

16  But if the court determines that the ALJ's findings are based on legal error or are

17  not supported by substantial evidence in the record, the court may reject the findings

18  and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,

19  1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

20      "Substantial evidence is more than a mere scintilla, but less than a

21  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

22  evidence which a reasonable person might accept as adequate to support a

23  conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

24  F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding,

25  the reviewing court must review the administrative record as a whole, "weighing

26  both the evidence that supports and the evidence that detracts from the ALJ's

27  conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

28  simply by isolating a specific quantum of supporting evidence.'"  *Aukland*, 257 F.3d

                                      4

at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

**IV.**

**DISCUSSION**

**A.**     **The ALJ Did Not Err at Step Four**

Plaintiff argues that "the ALJ failed to properly consider [plaintiff's] ability to perform his past relevant work."  Pl.'s Mem. at 3.  Specifically, plaintiff does not challenge the ALJ's finding regarding his RFC, but instead argues that his past relevant work requires him to work around "dangerous machinery," which is precluded by his RFC.  *Id.* at 3-4.  The court disagrees.  The ALJ, in assessing plaintiff's RFC, explicitly precluded plaintiff from working around "hazardous machinery," not "dangerous machinery."  *See* AR at 13.  Moreover, because the fast-foods worker position does not require work around any "hazardous machinery," there is no inconsistency between the demands of plaintiff's past job as a fast-foods worker and plaintiff's RFC.  *See* DOT No. 311.472-010.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'"  *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted).  "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ must make specific findings as to: (1) "the claimant's residual functional capacity"; (2) "the physical and mental demands of the past relevant work"; and (3) "the relation of the residual functional capacity to the past work."

5

1  *Id.* at 845 (citing Social Security Ruling ("SSR") 82-62).[3/]  But the ALJ is not

2  required to make "explicit findings at step four regarding a claimant's past relevant

3  work both as generally performed *and* as actually performed." *Pinto*, 249 F.3d at

4  845.

5        Here, the ALJ properly made the requisite specific findings to support his

6  conclusion that plaintiff is able to perform his past relevant work.[4/]  As noted above,

7  the ALJ assessed plaintiff's RFC and found that plaintiff could perform "simple

8  repetitive tasks," but could not, inter alia, work around hazardous machinery. *See*

9  AR at 13.  The ALJ then, with the help of the VE, made specific findings as to the

10  relation of plaintiff's RFC to the demands of his past relevant work and determined

11  plaintiff is capable of performing his past work as fast-foods worker.  *Id.* at 15, 45-

12  48.

13        Plaintiff contends that because the DOT states that "[t]he fast food worker

14  '[m]akes and serve hot beverage using automatic water heater or coffee pot . . .

15  [and] [m]ay cook or apportion French fries," the fast-foods worker job requires use

16  of "dangerous machinery," which is precluded by plaintiff's RFC.  Pl.'s Mem. at 3-

17  

18      [3/]  "The Commissioner issues Social Security Rulings to clarify the Act's

19  implementing regulations and the agency's policies.  SSRs are binding on all

20  components of the SSA.  SSRs do not have the force of law.  However, because they
represent the Commissioner's interpretation of the agency's regulations, we give

21  them some deference.  We will not defer to SSRs if they are inconsistent with the

22  statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir.

23  2001) (internal citations omitted).

24      [4/]  Plaintiff does not contend there's a difference between the demands of his
past relevant work as generally performed and actually performed.  Having

25  reviewed the DOT's description of plaintiff's past relevant work and plaintiff's

26  description of how he actually performed his past relevant work, the court finds that
there is no significant difference between the two and will therefore discuss the

27  demands of plaintiff's past relevant job as described in the DOT. *Compare* DOT

28  No. 311.472-010 *with* AR at 122.

1   4.  But plaintiff is incorrect in his assertion that the ALJ found plaintiff is precluded

2   from working around dangerous equipment.  Instead, the ALJ found plaintiff "could

3   not work . . . around hazardous machinery."  AR at 13.  There is a significant

4   distinction between "dangerous" and "hazardous."

5       "The 'hazards' defined in the [DOT] . . . include moving mechanical parts of

6   equipment, tools, or machinery; electrical shock; working in high, exposed places;

7   exposure to radiation; working with explosives; and exposure to toxic, caustic

8   chemicals."  SSR 96-9p, 1996 WL 374185, at *9.  Indeed, consistent with SSR 96-

9   9p, the ALJ was apparently focusing on the "moving" type of hazardous machinery

10  when he found plaintiff "could not work . . . around hazardous machinery."  *See* AR

11  at 45 (in his hypothetical to the VE, the ALJ stated that the individual should not,

12  inter alia, "work with moving machinery").  Because the machineries (automatic

13  water heaters, coffee pots, and french fry vats) a fast-foods worker may be exposed

14  to do not involve moving mechanical parts, electrical shock, high exposed places,

15  radiation, explosives, or toxic caustic chemicals, they are not "hazardous"

16  machineries as defined by the DOT.  Aside from these non-hazardous machineries,

17  the fast-foods worker position does not require the individual to work around any

18  machineries that are "hazardous."  *See* DOT No. 311.472-010 ("Moving Mech.

19  Parts: Not Present"; "Electric Shock: Not Present"; "High Exposed Places: Not

20  Present"; "Radiation: Not Present"; "Explosives: Not Present"; and "Toxic Caustic

21  Chem.: Not Present").

22      Accordingly, there was no inconsistency between the VE's testimony and the

23  DOT that the ALJ failed to question or resolve.  And because plaintiff's past

24  relevant work does not include work-related activities precluded by his RFC, the

25  ALJ did not err at step four in finding plaintiff capable of performing his past

26  relevant work as a fast-foods worker.

27  **B.    The ALJ Committed Harmless Error at Step Five**

28      Plaintiff argues that the ALJ erred at step five because the demands of the job

7

1  the ALJ found plaintiff could perform (hand packager (DOT No. 920.587-018)) are
2  inconsistent with plaintiff's RFC, and the ALJ failed to explain how he resolved the
3  conflict.  Pl.'s Mem. at 4-5.  Specifically, plaintiff contends that the hand packager
4  job involves occasional balancing (up to one-third of the time), which plaintiff is
5  precluded from performing.  *Id.* at 5.  In addition, "[t]he job may include starting,
6  stopping, and regulating the speed of a conveyor belt," which plaintiff maintains is a
7  hazardous machinery that he is precluded from operating.  *Id.*  For the reasons
8  discussed below, the court agrees that plaintiff's ability to balance is inconsistent
9  with the hand packager's job requirement, but the court disagrees that a conveyor
10 belt constitutes a "hazardous" machinery that plaintiff is precluded from operating.
11 Although the ALJ erred at step five, such error was harmless given the ALJ's proper
12 step four finding.

13     At step five, the burden shifts to the Commissioner to show that the claimant
14 retains the ability to perform other gainful activity.  *Lounsburry v. Barnhart*, 468
15 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not
16 disabled at step five, the Commissioner must provide evidence demonstrating that
17 other work exists in significant numbers in the national economy that the claimant
18 can perform, given his or her age, education, work experience, and RFC.  20 C.F.R.
19 §§ 404.1512(g), 416.912(g).

20     ALJs routinely rely on the DOT "in evaluating whether the claimant is able to
21 perform other work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273,
22 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. §§ 404.1566(d)(1)
23 (DOT is source of reliable job information), 416.966(d)(1) (same).  The DOT is the
24 rebuttable presumptive authority on job classifications.  *Johnson v. Shalala*, 60 F.3d
25 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a VE's testimony regarding
26 the requirements of a particular job without first inquiring whether the testimony
27 conflicts with the DOT, and if so, the reasons therefor.  *Massachi*, 486 F.3d at 1152-
28 53 (citing SSR 00-4p).  But failure to so inquire can be deemed harmless error

where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n.19. In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." *Id.* at 1153 (citing *Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

Here, the ALJ improperly relied on the VE's testimony regarding the requirements of the hand packager job. *See* AR at 46 (VE testified that plaintiff could perform work as a hand packager, DOT No. 920.587-018). The VE's testimony deviated from the DOT; and the ALJ failed to obtain an explanation or persuasive evidence to justify this deviation.

Plaintiff argues, and the court agrees, that the DOT states the hand packager job requires occasional balancing, which is inconsistent with the ALJ's finding that plaintiff is unable to balance. Pl.'s Mem. at 5; *see* DOT No. 920.587-018 (hand packager job requires occasional balancing, "up to 1/3 of the time"); AR at 13 (in assessing plaintiff's RFC, the ALJ found plaintiff could not balance). Defendant does not contest this requirement, but instead argues that "'up to 1/3' [of the time] includes 'none.'" Def.'s Mem. at 6. This argument is unpersuasive. On the contrary, "'[o]ccasionally' means occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5. Thus, the least amount of balancing required in this position is "very little" not "none." Defendant further argues that "the deviation between the *DOT* job profile and Plaintiff's [RFC], if any, is so *de minimis* as to allow vocational expert testimony to explain that someone with Plaintiff's limitations could do hand packaging." Def.'s Mem. at 6. The court agrees that this would be proper, but the problem here is that the VE did not address this apparent discrepancy, nor does the record contain "persuasive evidence to

1  support the deviation." *See Massachi*, 486 F.3d at 1153.  The ALJ therefore erred
2  in accepting the VE's testimony.

3       But, contrary to plaintiff's contention, there is no inconsistency between the
4  DOT and plaintiff's RFC precluding him from working around "hazardous"
5  machinery.  Pl.'s Mem. at 5.  The hand packager job does not require work around
6  "hazardous" machineries.  *See* SSR 96-9p, 1996 WL 374185, at *9; DOT No.
7  920.587-018 ("Moving Mech. Parts: Not Present"; "Electric Shock: Not Present";
8  "High Exposed Places: Not Present"; "Radiation: Not Present"; "Explosives: Not
9  Present"; and "Toxic Caustic Chem.: Not Present"); *Phonn v. Astrue*, 2010 WL
10  2850768, at *3 (C.D. Cal. July 20, 2010) (although the hand packager position
11  requires operating a conveyor belt, such machinery is not a hazardous machine).

12       Although the ALJ erred at step five in finding that plaintiff could perform
13  other work readily available in the national economy, this error was harmless in
14  light of the ALJ's proper finding at step four that plaintiff could perform his past
15  relevant work.  *See supra* Part IV.A; 20 C.F.R. §§ 404.1560(b)(3) (If a claimant has
16  the residual functional capacity to do his or her past relevant work, the ALJ will
17  determine that the claimant is not disabled), 416.960(b)(3) (same); *Stout v. Comm'r*,
18  454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's error is harmless where such error is
19  inconsequential to the ultimate non-disability determination); *see also Burch v.*
20  *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be
21  reversed for errors that are harmless."); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th
22  Cir. 1991) (harmless error rule applies to review of administrative decisions
23  regarding disability).  Accordingly, the court affirms the ALJ's decision based on
24  his finding at step four.

25
26
27
28

1

**V.**

2

**CONCLUSION**

3

      IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING

4

the decision of the Commissioner denying benefits, and dismissing this action with

5

prejudice.

6

Dated: February 10, 2012

7

_____

8

                     SHERI PYM

9

        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28